# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Epic Systems Corporation,<br><br>      Plaintiff,<br><br>  v.<br><br>GreatGigz Solutions, LLC,<br><br>      Defendant. | Case No. _____<br><br>JURY TRIAL DEMANDED |

### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Epic Systems Corporation ("Epic"), by and through its attorneys, for its Complaint against Defendant GreatGigz Solutions, LLC ("GreatGigz"), alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for a declaratory judgment of non-infringement of United States Patent No. 6,662,194 ("the '194 patent"), United States Patent No. 7,490,086 ("the '086 patent"), United States Patent No. 9,760,864 ("the '864 patent"), and United States Patent No. 10,096,000 ("the '000 patent"), arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, including Title 35, United States Code.

2. This Declaratory Judgment Complaint relates to GreatGigz's allegations that use of software sold by Epic, namely the MyChart patient portal, infringes the '194 patent, the '086 patent, the '864 patent, and/or the '000 patent, which culminated in a patent infringement Complaint that GreatGigz filed against Epic's customer, Christus Health, in the United States District Court for the Western District of Texas.

## JURISDICTION

3. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 et seq.

4. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

5. Personal jurisdiction over GreatGigz is proper in this district because, upon information and belief, it is incorporated as a Florida Limited Liability Company with its principal address at 600 S. Dixie Hwy. #605, West Palm Beach, Florida 33401.

## VENUE

6. Venue is proper in this district under 28 U.S.C. § 1391(b) because GreatGigz is subject to personal jurisdiction in this judicial district, and has directed its business, licensing, and enforcement activities at this judicial district, and a substantial part of the events giving rise to the claim occurred in this judicial district.

## PARTIES

7. Epic is a corporation organized and existing under the laws of the State of Wisconsin with its principal place of business at 1979 Milky Way, Verona, Wisconsin 53593.

8. GreatGigz is a limited liability company formed under the laws of Florida with its authorized member identified with the Florida Secretary of State as Raymond A. Joao.

9. Upon information and belief, GreatGigz is in the business of licensing and enforcing patents (a so-called non-practicing entity).

## FACTS

### The '194 Patent

10.     United States Patent No. 6,662,194 ("the '194 patent"), entitled "Apparatus and method for providing recruitment information," names Raymond Anthony Joao as the inventor and states an issue date of December 9, 2003. Attached as **Exhibit 1** is a copy of the '194 patent.

11.     According to the abstract, the '194 patent is directed to an apparatus and method for providing recruitment information, including a memory device for storing information regarding at least one of a job opening, a position, an assignment, a contract, and a project, and information regarding a job search request, a processing device for processing information regarding the job search request upon a detection of an occurrence of a searching event, wherein the processing device utilizes information regarding the at least one of a job opening, a position, an assignment, a contract, and a project, stored in the memory device, and further wherein the processing device generates a message containing information regarding at least one of a job opening, a position, an assignment, a contract, and a project, wherein the message is responsive to the job search request, and a transmitter for transmitting the message to a communication device associated with an individual in real-time.

12.     Upon information and belief, GreatGigz is the assignee of all right, title, and interest in the '194 patent.

### The '086 Patent

13.     United States Patent No. 7,490,086 ("the '086 patent"), entitled "Apparatus and method for providing job searching services recruitment services and/or recruitment-related services," names Raymond Anthony Joao as the inventor and states an issue date of February 10, 2009. Attached as **Exhibit 2** is a copy of the '086 patent.

14. According to the abstract, the '086 patent is directed to an apparatus, including a memory device which stores information regarding a job opening, position, assignment, contract, or project, and information regarding a job search request or inquiry, a processing device which processing the information regarding a job search request or inquiry upon an automatic detection of an occurrence of a searching event which is an occurrence of a job posting, a posting of new or revised data or information, a news release of a business event, an employment-related event, an economic report, industry-specific news, an event which creates an to fill a position, or an event which creates an interest to seek a position, and generates a message, containing the information regarding a job opening, position, assignment, contract, or project, responsive to the job search request or inquiry, and a transmitter which transmits the message to a communication device associated with an individual.

15. Upon information and belief, GreatGigz is the assignee of all right, title, and interest in the '086 patent.

**The '864 Patent**

16. United States Patent No. 9,760,864 ("the '864 patent"), entitled "Apparatus and method for providing job searching services, recruitment services and/or recruitment-related services," names Raymond Anthony Joao as the inventor and states an issue date of September 12, 2017. Attached as **Exhibit 3** is a copy of the '864 patent.

17. According to the abstract, the '864 patent is directed to an apparatus, including a memory device for storing work schedule information or scheduling information for an individual, a transmitter for transmitting a job search request to a computer, wherein the computer is specially programmed for processing the job search request, for generating a message containing information regarding a job opening, a position, an assignment, a contract, or

a project, and for transmitting the message to the apparatus in response to the job search request; a receiver for receiving the message; and a display for displaying at least some of the information contained in the message.

18. On information and belief, GreatGigz is the assignee of all right, title, and interest in the '864 patent.

### The '000 Patent

19. United States Patent No. 10,096,000 ("the '000 patent"), entitled "Apparatus and method for providing job searching services, recruitment services and/or recruitment-related services," names Raymond Anthony Joao as the inventor and states an issue date of October 9, 2018. Attached as **Exhibit 4** is a copy of the '000 patent.

20. According to the abstract, the '000 patent is directed to an apparatus, including a memory which stores work schedule information or scheduling information for an employer, hiring entity, individual, independent contractor, temporary worker, or freelancer; a receiver which receives a first request to obtain work schedule information or scheduling information for the employer, hiring entity, individual, independent contractor, temporary worker, or freelancer, and the first request is received from a first communication device; a processing device, specially programmed for processing information contained in the first request, generates a first message containing the work schedule or scheduling information for the employer, hiring entity, individual, independent contractor, temporary worker, or freelancer; and a transmitter for transmitting the first message to the first communication device or to a second communication device.

21. On information and belief, GreatGigz is the assignee of all right, title, and interest in the '000 patent.

**Existence of an Actual Controversy**

22. There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

23. On December 16, 2021, GreatGigz filed a Complaint for patent infringement against Christus Health, an Epic customer, in the United States District Court for the Western District of Texas, alleging Christus Health's use of software provided by Epic, namely the MyChart patient portal, infringes the '194 patent, the '086 patent, the '864 patent, and the '000 patent. *GreatGigz Solutions, Inc. v. Christus Health*, No. 6:21-cv-01310-ADA, Dkt. 1 (W.D. Tex.).

24. GreatGigz's suit against Christus Health is just one in a long list of suits in which GreatGigz has asserted the '194 patent, the '086 patent, the '864 patent, and/or the '000 patent.

25. Another supplier, Maplebear, Inc., recently filed a similar declaratory judgment action in this Court against GreatGigz on the same patents as addressed here, including to resolve allegations made by GreatGigz against Maplebear's retail partners in the Western District of Texas. *Maplebear, Inc. v. GreatGigz Solutions LLC*, 9:21-cv-81998-DMM, Dkt. 1 (S.D. Fla.). In response, GreatGigz admitted that a controversy existed between the parties. *Id.*, Dkt. 22, ¶¶ 13 & 15.

26. Epic has been the target of other patent enforcement actions brought by the managing member of GreatGigz, Raymond Anthony Joao, the named inventor on all four patents at-issue here. Epic, and its customers, were sued by Decapolis Systems, LLC ("Decapolis"), of which Mr. Joao is also the managing director and the named inventor on the two patents in-suit in that case. Decapolis voluntarily dismissed its case against Epic (without prejudice) after Epic raised a venue argument in the Western District of Texas, but sued two of Epic's customers on

the same two patents. Based on this activity, Epic then sued for declaratory judgment on those two patents in this District. *Epic Systems Corp. v. Decapolis Systems LLC*, 9:22-cv-80173 (S.D. Fla.).

27. Based on the foregoing, a justiciable controversy exists between Epic and GreatGigz as to whether Epic and/or its products and services infringe any of the '194 patent, the '086 patent, the '864 patent, and the '000 patent.

28. Absent a declaration as requested herein, GreatGigz will continue to wrongfully allege that Epic and/or its products and services infringe the '194 patent, the '086 patent, the '864 patent, and the '000 patent, threaten Epic's customers who use Epic's products and services, and thereby cause Epic irreparable injury and damage.

**COUNT ONE (Declaratory Judgment of Non-Infringement of the '194 Patent)**

29. Epic repeats and realleges paragraphs 1 through 28 hereof, as if fully set forth herein.

30. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement of the claims of the '194 patent.

31. Epic, and its products and services, do not infringe any claim of the '194 patent.

32. A judicial declaration is necessary and appropriate so that Epic may ascertain its rights regarding its products and services and the '194 patent.

33. Epic is entitled to a declaratory judgment that Epic and/or its products and services have not infringed and do not infringe, either directly or indirectly, any claims of the '194 patent under 35 U.S.C. § 271.

### COUNT TWO (Declaratory Judgment of Non-Infringement of the '086 Patent)

34. Epic repeats and realleges paragraphs 1 through 28 hereof, as if fully set forth herein.

35. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement of the claims of the '086 patent.

36. Epic, and its products and services, do not infringe any claim of the '086 patent.

37. A judicial declaration is necessary and appropriate so that Epic may ascertain its rights regarding its products and services and the '086 patent.

38. Epic is entitled to a declaratory judgment that Epic and/or its products and services have not infringed and do not infringe, either directly or indirectly, any claims of the '086 patent under 35 U.S.C. § 271.

### COUNT THREE (Declaratory Judgment of Non-Infringement of the '864 Patent)

39. Epic repeats and realleges paragraphs 1 through 28 hereof, as if fully set forth herein.

40. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement of the claims of the '864 patent.

41. Epic, and its products and services, do not infringe any claim of the '864 patent.

42. A judicial declaration is necessary and appropriate so that Epic may ascertain its rights regarding its products and services and the '864 patent.

43. Epic is entitled to a declaratory judgment that Epic and/or its products and services have not infringed and do not infringe, either directly or indirectly, any claims of the '864 patent under 35 U.S.C. § 271.

**COUNT FOUR (Declaratory Judgment of Non-Infringement of the '000 Patent)**

44. Epic repeats and realleges paragraphs 1 through 28 hereof, as if fully set forth herein.

45. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement of the claims of the '000 patent.

46. Epic, and its products and services, do not infringe any claim of the '000 patent.

47. A judicial declaration is necessary and appropriate so that Epic may ascertain its rights regarding its products and services and the '000 patent.

48. Epic is entitled to a declaratory judgment that Epic and/or its products and services have not infringed and do not infringe, either directly or indirectly, any claims of the '000 patent under 35 U.S.C. § 271.

**PRAYER FOR RELIEF**

**WHEREFORE**, Epic requests judgment against GreatGigz as follows:

A. A judgment that Epic and its products and services have not infringed and are not infringing, either directly or indirectly, any claim of the '194 patent, the '086 patent, the '864 patent, and the '000 patent, in violation of 35 U.S.C. § 271;

B. A judgment that GreatGigz and each of its officers, directors, agents, counsel, servants, employees, and all of persons in active concert or participation with any of them, be restrained and enjoined from alleging, representing, or otherwise stating that Epic and/or

its products or services infringe any claims of the '194 patent, the '086 patent, the '864 patent, and the '000 patent or from instituting or initiating any action or proceeding alleging infringement of any claims of the '194 patent, the '086 patent, the '864 patent, and the '000 patent against Epic or any customers, users, or sellers of Epic's products and services based on use, sale, import and/or export of Epic products or services;

C. Declaring Epic as the prevailing party and this case as exceptional, and awarding Epic its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285;

D. Ordering GreatGigz to pay all fees, expenses, and costs associated with this action; and

E. Awarding such other and further relief as this Court deems just and proper.

Dated: February 18, 2022                                        Respectfully submitted,

**QUARLES & BRADY LLP**

*/s/ Kelli A. Edson*
Kelli A. Edson
Florida Bar No. 179078
QUARLES & BRADY LLP
101 East Kennedy Boulevard, Suite 3400
Tampa, Florida 33602-5195
Telephone: 813-387-0300
Facsimile: 813-387-1800
kelli.edson@quarles.com
lynda.dekeyser@quarles.com
rebecca.wilt@quarles.com
DocketFL@quarles.com

*Counsel for Epic Systems Corporation*