**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 22-CV-80276-RS**

EPIC SYSTEMS CORPORATION,

    Plaintiff,

v.

GREATGIGZ SOLUTIONS, LLC,

    Defendant.

_____/

**ORDER GRANTING MOTION TO STAY**

This matter is before the Court on Plaintiff's Unopposed Motion to Stay Pending Dispositive Motion for Judgment on the Pleadings [DE 27] (the "Motion"). For the reasons explained below, Plaintiff's Motion is granted.

The Eleventh Circuit has advised that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should…be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997); *see also Arora v. Paige*, 855 Fed. Appx. 667, 670 (11th Cir. 2021). This is because "[s]uch a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true." *Id*. Moreover, a district court has broad discretion in deciding how best to manage the cases before it and to set and enforce scheduling deadlines. *See Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001).

Plaintiff's Motion for Judgment on the Pleadings contends that, even presuming that the facts in Defendant's Counterclaims are true, the four asserted patents at-issue are invalid because

they pertain to patent-ineligible subject matter under 35 U.S.C. § 101. [DE 26]. Because it is potentially case dispositive, Plaintiff requests that the Court stay the proceedings pending a ruling on that Motion. Defendant does not oppose Plaintiff's Motion and, as it has presumably recognized by agreeing not to file an opposition, Defendant will not suffer any prejudice as a result of a stay pending resolution of Plaintiff's Motion for Judgment on the Pleadings.

District courts in similar contexts have stayed cases pending resolution of patent subject matter eligibility under § 101. *See, e.g., Pacific Surf Designs, Inc. v. Whitewater West Industries, Ltd.*, No. 20-cv-1464-BEN(BLM), 2021 WL 3080061 (July 21, 2021); *NEXRF Corp. v. Playtika Ltd.*, No. 3:20-cv-00603-MMD-CLB, 2022 WL 625126 (D. Nev. March 2, 2021); *Cellwitch, Inc. v. Tile, Inc.*, No. 4:19-cv-01315, 2019 WL 5394848 (N.D. Cal. Oct. 22, 2019). In fact, this Court, presented with a similar action regarding the same Defendant and the same four patents at-issue, has similarly stayed an action pending resolution of the dispositive motion under § 101. *See Maplebear, Inc. d/b/a Instacart v. GreatGigz Solutions, LLC*, No. 9:21-cv-81998-DMM (S.D Fla. May 4, 2022 [DE 52]). Upon review of Plaintiff's Motion, the patents at-issue, and the record, it appears that Plaintiff's Motion for Judgment on the Pleadings has the potential to be case dispositive, and that Defendant does not oppose a stay pending resolution of Plaintiff's Motion for Judgment on the Pleadings. As such, discovery and all further deadlines shall be stayed. Accordingly, it is hereby,

**ORDERED** that:

1. Plaintiff's Unopposed Motion to Stay Pending Dispositive Motion for Judgment on the Pleadings [DE 27] is **GRANTED**.

2. Discovery and all further deadlines are **STAYED** until the Court rules on Plaintiff's Motion for Judgment on the Pleadings [DE 26].

**DONE and ORDERED** in Fort Lauderdale, Florida this 18th day of August, 2022.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record