UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-80276-SMITH/MATTHEWMAN

EPIC SYSTEMS CORPORATION,

     Plaintiff,

v.

GREATGIGZ SOLUTIONS, LLC,

     Defendant.

_____/

FILED BY_____SW_____D.C.

**Jul 16, 2025**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S BILL OF COSTS [DE 65] AND PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS UNOPPOSED BILL OF COSTS [DE 65]

**THIS CAUSE** is before the Court upon Plaintiff, Epic Systems Corporation's ("Plaintiff") Bill of Costs [DE 65] and Memorandum in Support of its Unopposed Bill of Costs [DE 65] (collectively, the "Motion"). This matter was referred to the Undersigned by the Honorable United States District Judge Rodney Smith. *See* DE 66. Defendant, GreatGigz Solutions, LLC ("Defendant"), has not filed a timely response to the Motion and does not object to the relief sought. *See* DE 65 at 9. For the reasons that follow, the undersigned Magistrate Judge **RECOMMENDS** that the District Judge grant the Motion [DE 65] and award Plaintiff costs in the amount of **$663.50** against Defendant.

## I.     BACKGROUND

On February 18, 2022, Plaintiff filed its Complaint against Defendant. [DE 1]. On May 14, 2025, the Court entered an Order Granting Plaintiff's Motion for Judgment on the Pleadings [DE

63]. On May 14, 2025, the Court also entered Final Judgment in favor of Plaintiff and against Defendant. [DE 64]. The timely-filed Motion currently before the Court seeks $663.50 in costs pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), and S.D. Fla. L. R. 7.3(c). [DE 65 at 4].

## II.    ANALYSIS

Plaintiff specifically seeks the following costs: (1) $402.00 in fees of the clerk and (2) $261.50 in fees for service of summons or subpoena. [DE 65 at 4]. In its Motion, Plaintiff generally describes the nature of the costs sought to be recovered and the reasons why those costs were incurred. *Id.* at 6–7. Defendant has failed to file a timely response to the Motion, and Plaintiff represents in the Motion that Defendant has no objection to the costs sought. *Id.* at 9.[1]

Federal Rule of Civil Procedure 54 states in part, "[u]nless a federal statute, these rules, or a court provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). For purposes of Rule 54(d)(1), a "prevailing party" is the party in whose favor judgment is rendered by the Court. *See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002). Here, there is no doubt that Plaintiff is the prevailing party, as evidenced by the Final Judgment entered in favor of Plaintiff and against Defendant. [DE 64].

Next, 20 U.S.C. § 1920 enumerates expenses that a federal court may tax as a cost under

---

[1] Regardless of whether Defendant objects to certain costs or not, the Court has an independent duty to only award costs which are lawful and justified under federal law. *See Savino v. Federated Law Grp., PLLC*, No. 18-60956-CIV, 2019 WL 2008901, at *1 (S.D. Fla. Mar. 28, 2019); *Zendejas v. Redman*, No. 15-81229-CV, 2018 WL 5808705, at *1 (S.D. Fla. Nov. 6, 2018); *Humphrey v. Napolitano*, No. 11-20651-CIV, 2012 WL 1416424, at *1 (S.D. Fla. Apr. 24, 2012); *McIntyre v. FLX of Miami, Inc.*, No. 08-20030-CIV, 2008 WL 5070249, at *1 (S.D. Fla. Nov. 25, 2008). This is because, "[a]bsent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920." *Morales v. M & M Painting & Cleaning Corp.*, No. 07-23089-CIV, 2008 WL 5070304, at *1 (S.D. Fla. Nov. 25, 2008) (citing *EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000)).

the discretionary authority found in Rule 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482

U.S. 437, 441-442 (1987). Pursuant to § 1920, a judge or clerk of any court of the United States

may tax costs regarding the following:

(1) Fees of the Clerk and Marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

A. <u>Fees of the Clerk</u>

Plaintiff seeks $402.00 in fees of the Clerk. This constitutes the filing fee for filing

Plaintiff's Complaint in this Court. *See* DE 65-1. The filing fee clearly falls within the scope of

section 1920(1). Moreover, Plaintiff represents that Defendant has no objection to this cost.

B. <u>Service of Process of Subpoenas</u>

Plaintiff next seeks $261.50 in fees for service of the complaint and summons upon

Defendant at two addresses. [DE 65-1]. 28 U.S.C. § 1920(1) permits a prevailing party to collect

fees "of the marshal," which includes fees for service. *See* 28 U.S.C. § 1921(a)(1)(B). Although §

1920(1) only refers to the "marshal," the Eleventh Circuit has held that "private process server

fees may be taxed pursuant to §§ 1920(1) and 1921" as long as such fees do not exceed the rate

charged by the U.S. Marshal. 28 U.S.C. § 1920(1); *EEOC v. W&O, Inc.,* 213 F.3d 600, 623–24

(11th Cir. 2000). The rate charged by the U.S. Marshal is $65.00 per person per hour for each item

served. *See* 28 C.F.R. § 0.114(a)(3).

3

Here, Plaintiff represents that it has adjusted the process server's hourly rate from $79 per hour down to the U.S. Marshal's standard rate of $65 per hour. [DE 65 at 6]. Plaintiff has also reduced the amount billed by the process server for surveillance by half as the surveillance was of both Defendant and its sister entity. *Id.* at 7. Thus, Plaintiff is seeking a total of $261.50, which consists of $229.00 incurred for serving Defendant at two addresses, along with $32.50 in wait time/surveillance. [DE 65-1]. The Court finds that the $261.50 fee is appropriate for service of process and notes that Defendant has no objection.

### III.    <u>CONCLUSION</u>

In light of the foregoing, the Undersigned **RECOMMENDS** that the District Judge **GRANT** Plaintiff's Motion [DE 65] and further **RECOMMENDS** that Plaintiff be awarded total costs in the amount of **$663.50**. Defendant should be ordered to pay Plaintiff total costs in the amount of **$663.50**, and a judgment should be entered against Defendant accordingly, along with post-judgment interest, for which let execution issue.

### IV. <u>NOTICE OF RIGHT TO OBJECT</u>

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Rodney Smith. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 16th day of July 2025.

WILLIAM MATTHEWMAN
United States Magistrate Judge